UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| NFINITYLINK COMMUNICATIONS, INC. | ) ) ) |
| Plaintiff | ) ) Civil Action No. 6:20-CV-00208-KKC |
| v. | ) ) ) |
| THE CITY OF MONTICELLO, KENTUCKY; THE CITY COUNCIL OF THE CITY OF MONTICELLO; AND COMMUNITY TELECOM SERVICES | ) ) ) ) ) ) *FILED ELECTRONICALLY* |
| Defendants | ) ) ) |

### VERIFIED MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

\*\*\*     \*\*\*     \*\*\*     \*\*\*     \*\*\*

Defendant, The City of Monticello, Kentucky ("City of Monticello"), Defendant, The City Council of the City of Monticello ("Monticello City Council"),[1] and Defendant, Community Telecom Services ("CTS"), by counsel, and for the reasons herein respectfully move the Court pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss claims asserted herein by Plaintiff, NfinityLink Communications, Inc. ("NfinityLink"): (i) alleging violations of federal antitrust laws under 15 U.S.C. § 1 and 2, (ii) alleging violations of Kentucky antitrust laws under KRS § 367.175(1) and (2), and (iii) alleging common law conversion and trespass claims.

For the reasons set forth herein, the City of Monticello, the Monticello City Council and CTS are respectively entitled to have NfinityLink's claims (i) for antitrust violations dismissed by

---

[1] The City Council of the City of Monticello is not a legal entity and cannot sue or be sued.  The City of Monticello and Monticello City Council reserve all arguments as to the viability of claims asserted against "The City Council of The City of Monticello."

1

reason of established immunity barring antitrust claims against municipalities and municipality-owned utilities, and (ii) for common law conversion and trespass to chattels dismissed because NfinityLink no longer will be entitled supplemental jurisdiction permitting the common law claims to be before this federal court.

## FACTUAL BACKGROUND

These are the pertinent and undisputed facts, underlying this motion:

1. CTS is a joint venture of the City of Monticello, Kentucky (an incorporated municipality) and Wayne County, Kentucky. *See* D.E. 1 at ¶ 4. CTS offers cable television, broadband internet, and phone services to Monticello and Wayne County residents and businesses. *Id.* at ¶ 4.

2. Beginning sometime in 2017, CTS engaged NfinityLink as a consultant to assist with broadband internet services. *Id.* at ¶ 30. In March of 2020, the COVID-19 pandemic struck Monticello and Wayne County. Businesses and schools shut down and moved from in-person to virtual operations. The influx of residents and businesses using video conferencing and other online platforms strained the internet capacity and caused outages for CTS internet customers.

3. When outages occurred, CTS looked to its broadband internet consultant, NfinityLink, for support. NfinityLink could not correct the internet issues and tension arose between CTS and NfinityLink. Ultimately, on or about May 28, 2020, CTS terminated its consulting arrangement with NfinityLink. *Id.* at ¶ 39.

4. Almost immediately after being terminated, NfinityLink began taking actions aimed at damaging and diminishing the value of CTS's business. As alleged in NfinityLink's Complaint, NfinityLink placed two servers and a router in the CTS system that allowed NfinityLink remote access to CTS's system. *Id.* at ¶ 43.

5.     CTS was not aware that the servers and router had been installed. Within hours of being terminated, NfinityLink used the servers and the router it had secretly placed in CTS's system to remotely access the CTS system and turn off CTS programs. *Id.* at ¶ 43.

6.     Due to NfinityLink's interference with the CTS system, many residential and business customers lost service. Cable television was scrambled and practically unusable and telephones on the CTS fiber network were also inoperable. In normal times, these are all critical services for residents and businesses. In our present times of the ongoing COVID-19 pandemic, the need for these critical services is exacerbated.[2] NfinityLink undertook its nefarious actions at the very beginning of the COVID-19 pandemic, intentionally and with malice and with intent to damage and injure CTS.

7.     For now, only NfinityLink has asserted claims:

a.     Against the City of Monticello and Monticello City Council are for (i) violation of the Cable Act, 47 U.S.C. § 541 (a)(1), and (ii) violation of the Telecommunications Act, 47 U.S.C. § 253 (the "Cable/Franchising Claims");

b.     Against the City of Monticello, the Monticello City Council, *and* CTS are for (i) violation of the Sherman Antitrust Act, 15 U.S.C. § 1, (ii) violation of the Sherman Antitrust Act, 15 U.S.C. § 2, (iii) violation of Kentucky antitrust laws, KRS § 367.175(1), and (iv) violation of Kentucky antitrust laws, KRS § 367.175(2) (the "Antitrust Claims"); and

c.     Against CTS are for common law conversion and trespass to chattels (the "State Law Claims").

---

[2] The inoperability of telephones resulted in (i) 56 residents in a local nursing home being unable to make telephone calls during the COVID-19 pandemic when they also were not permitted to have in-person visitors, and (ii) two local doctor's offices having their fax machines shut down when one office was set to begin COVID-19 testing the following day.

3

## LEGAL STANDARDS

### I. Standard for Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) ("The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."). In reviewing a 12(b)(6) motion, the plaintiff's well-pleaded factual allegations are taken as true, and reasonable inferences must be drawn in the plaintiff's favor. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990). However, the Court need not accept as true legal conclusions or draw unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir 1998).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcraft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard is met only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere legal conclusions will not suffice to overcome a motion to dismiss under Rule 12(b)(6), and the plaintiff's factual allegations must do more than demonstrate a "sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff's well-pleaded allegations do not "plausibly give rise to an entitlement to relief," then the complaint must be dismissed. *Id.*

### II. Standard for Rule 12(b)(1) Motions to Dismiss for Lack of Jurisdiction.

Rule 12(b)(1) allows dismissal for lack of subject matter jurisdiction. Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or in a motion. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving

jurisdiction in order to survive the motion." *Michigan Southern RR Co. v. Branch & St. Joseph Counties Rail Users Ass'n Inc.*, 287 F.3d. 568, 573 (6th Cir. 2002) (citing *Mort v. Greater Cleveland Reg'l Transit. Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

## ARGUMENTS

### I. NfinityLink Cannot Assert Claims for Antitrust Violations Against The City of Monticello, Monticello City Council, or CTS Because *Parker* Immunity Applies.

NfinityLink asserts claims against the City of Monticello, CTS, and Monticello City Council for antitrust violations under federal and state law.[3] These claims all fail because the widely recognized *Parker* immunity shields states and municipalities from such claims.

In *Parker v. Brown*, 317 U.S. 341 (1943), the Supreme Court ruled that, by reason of the Tenth Amendment to the United State Constitution, the Sherman Antitrust Act does not apply to actions by a state. After *Parker*, states acting in their sovereign capacities have "state action immunity" from antitrust claims. *See F.T.C. Phoebe Putney Health System, Inc.*, 568 U.S. 216 (2013). This has become known as *Parker* immunity.

Over thirty years after the *Parker* decision, the Supreme Court confirmed that *Parker* immunity can apply to municipal actions. In *City of Lafayette v. Louisiana Power & Light Co.*, 435 U.S. 389 (1978), the Supreme Court held that *Parker* immunity applies when a municipality engages in conduct "pursuant to state policy to displace competition with regulation of monopoly public service." *Id.* at 413. This state policy must be clearly articulated and affirmatively expressed. *Community Communications Co. v. City of Boulder*, 455 U.S. 40 (1982).

---

[3] Kentucky courts have interpreted state antitrust laws in KRS § 367.175(1) and (2) as being analogous to Sections 1 and 2 of the Sherman Antitrust Act. *See Mendell v. Golden-Farley of Hopkinsville, Inc.*, 573 S.W.2d 346, 348-49 (Ky. App. 1978). Therefore, Courts apply the same analysis for both sets of laws to determine whether claims can be asserted against municipalities. *See e.g., Conrad v. Bevin*, at 2018 WL 988071, at *8-9 (W.D. Ky. Feb. 16, 2018) (applying *Parker* immunity analysis and dismissing state law antitrust claims based on KRS § 367.175(1) and (2)).

The Sixth Circuit has held that a municipality is acting pursuant to a "clearly articulated and affirmatively expressed" state policy if its actions are a "reasonable and foreseeable exercise of delegated powers within the scope of an agency's authority." *Hybud Equipment Corp. v. City of Akron*, 742 F.2d 949, 960 (6th Cir. 1984).

The Sixth Circuit has interpreted Kentucky law and applied *Parker* immunity to facts nearly identical to this case. In *Consolidated Television Cable Service, Inc. v. City of Frankfort, Kentucky*, 857 F.2d 354 (6th Cir. 1988), Community Services was created by the Electric and Water Plant Board of the city of Frankfort, Kentucky to operate, pursuant to a contract between Community Services and the Board, a cable television network owned by the city. The plaintiff, Consolidated TV, sought the Board's permission to extend its cable service into areas served by Community Services. The Board denied Consolidated TV's requests three times and, ultimately, Consolidated TV sued under the Sherman Antitrust Act.

The *Consolidated Television* Court affirmed an award of summary judgment for the defendants finding they were entitled to *Parker* immunity from antitrust claims. In interpreting Kentucky statutes, the Sixth Circuit held that denying a cable franchise is a reasonable and foreseeable exercise of delegated powers within the scope of an agency's authority. 857 F.2d at 361-62; *see also Hopkinsville Cable TV, Inc. v. Pennyroyal Cablevision, Inc.*, 562 F.Supp. 543, 546 (W.D. Ky. 1982) (concluding that the Kentucky constitution gives municipalities the power to grant monopoly power). A subsequent Sixth Circuit opinion found the *Consolidated Television* Court's application of *Parker* immunity to be based on "undisputed facts" as follows:

> (1) The Board (and by extension, the municipality) created Community Services, (2) Community Services' structure and operation was determined by the City through the Board, (3) Community Services existed at the pleasure of the Board, and the City appointed one-half of Community Services officers, and (4) contracts between the Board and Community

6

>Services said that the Board "is the owner, and has ultimate control, of the television cable system.

*Riverview Investments, Inc. v. Ottawa Community Imp. Corp.*, 899 F.2d 474, 479 (6th Cir. 1990) (interpreting *Consolidated Television*, 857 F.2d at 358-59). The *Consolidated Television* Court found, from these facts "it is clear that the Board has ultimate control of [C]ommunity, and that Community is a municipal agent and should be treated as such for purposes of the doctrine of state action." *Consolidated Television*, 857 F.2d at 358-59.

The *Consolidated Television* case is directly on point and requires NfinityLink's antitrust claims to be dismissed. NfinityLink's Complaint establishes the same "undisputed facts" that were before the Court in *Consolidated Television*. Like Community Services in *Consolidated Television*, CTS was created by the City of Monticello and Wayne County, Kentucky. D.E. 1 at pg. 1 ("Together, Wayne County, Kentucky and the City [of Monticello] own the existing incumbent provider, CTS.") and at ¶¶ 4, 29, 61, and 68 (recognizing CTS is jointly owned by the City of Monticello and Wayne County, Kentucky). By virtue of their sole ownership of CTS, the City of Monticello and Wayne County, Kentucky have "ultimate control" over CTS. Therefore, like in *Community Television*, CTS is a municipal agent and should be treated as such for purposes of *Parker* immunity.

Based on established Supreme Court and Sixth Circuit jurisprudence, *Parker* immunity applies and bars NfinityLink from asserting antitrust claims against the City of Monticello, the Monticello City Council, and CTS. Therefore, the Court should dismiss Counts III, IV, V, and VI of NfinityLink's Complaint, which are both based solely on federal antitrust laws established by the Sherman Antitrust Act and codified as 15 U.S.C. §§ 1 and 2, and state antitrust laws established by the Kentucky Consumer Protection Act and codified as KRS § 367.175(1) and (2).

**II. This Court Has No Jurisdiction Over NfinityLink's State Common Law Conversion and Trespass to Chattels Claims.**

NfinityLink alleges its claims arising under 47 U.S.C. § 253 (the Telecommunications Act), 47 U.S.C. §§ 541 and 555 (the Cable Act), and 15 U.S.C. §§ 1, 2, 15, and 26 (the Sherman Antitrust Act) establish subject matter jurisdiction by presenting federal questions. D.E. 1 at ¶¶ 5-6. NfinityLink further asserts that this Court has subject matter jurisdiction over its state law claims by reason of supplemental jurisdiction under 28 U.S.C. § 1367(a). *Id.* at ¶ 7.

As established above, after applying *Parker* immunity, the Court must dismiss NfinityLink's antitrust claims. The only remaining claims will be the Cable/Franchising Claims and the State Law Claims. The claims against the City of Monticello and Monticello City Council present federal questions. However, NfinityLink's only remaining claims against CTS will be state law claims for conversion and trespass to chattels. NfinityLink does not have federal question jurisdiction over its state law claims against CTS and must rely on supplemental jurisdiction for these claims to stay before the federal court. Because NfinityLink's state law claims against CTS do not arise from the same case and controversy as its claims against the City of Monticello and Monticello City Council, they are not afforded supplemental jurisdiction and must be dismissed.

The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims "form part of the same case or controversy" when they "derive from a common nucleus of operative fact" and "are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, the claims by NfinityLink against CTS do not form part of the same controversy as those between NfinityLink and the City of Monticello and Monticello City Council. The state and federal claims do not derive from a common nucleus of operative facts. The claims NfinityLink asserts against the City of Monticello and Monticello City Council are based purely on whether denying NfinityLink's application for a cable franchise was proper under the Cable Act and/or the Telecommunications Act. In order to determine whether the franchise denial was proper, discovery will include depositions of NfinityLink's representatives that formed its cable franchise proposal, and discovery as to the basis for the City of Monticello and Monticello City Council's decision. None of this relates to or even involves CTS.

The claims against CTS allege conversion and trespass to chattels relating to three pieces of equipment. D.E. 1 at ¶ 41, 169-176. This claim pertains to the business relationship between NfinityLink and CTS and has no bearing on the Court's analysis of the cable franchise denial. As NfinityLink alleges, CTS is governed by its own board, and is jointly owned by the City of Monticello and Wayne County, Kentucky. The City of Monticello and Monticello City Council do not directly oversee CTS and do not have information pertaining to the conversion and trespass to chattels claims. After dismissing the antitrust claims, there is no common nucleus of operative fact among NfinityLink's claims against CTS and its claims against the City of Monticello and Monticello City Council. Therefore, the court should dismiss NfinityLink's state law conversion and trespass to chattels claims for lack of jurisdiction.

## CONCLUSION

Because *Parker* immunity applies, NfinityLink's antitrust claims are barred as a matter of law and must be dismissed. Further, the Court should dismiss NfinityLink's state law conversion and trespass to chattels claims for lack of jurisdiction.

Respectfully submitted,

/s/ Drake W. Staples
Robert E. Maclin, III, Esq.
Drake W. Staples, Esq.
McBrayer PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
remaclin@mcbrayerfirm.com
dstaples@mcbrayerfirm.com
*Counsel for Defendant, The City
of Monticello, Kentucky, Defendant,
Community Telecom Services, and
Defendant, The City Council of The
City of Monticello*

## **VERIFICATION**

Comes, Greg Latham, City Clerk for Defendant, the City of Monticello and Member of The Monticello and Wayne County Telecommunications Board for Defendant, Community Telecom Services, and after being first duly sworn, deposes and states that I have read the foregoing motion and the factual statements made therein are true and correct this November 19, 2020.

_____
Greg Latham

COMMONWEALTH OF KENTUCKY    )
                            )
COUNTY OF WAYNE             )

The foregoing Verification was acknowledged, sworn to and subscribed to before me by Greg Latham, this November 20, 2020.

Notary Public, Commonwealth of Kentucky: _Susia Troxell_
Notary Public Commission No. __569793__
Notary Public Commission Expiration Date: __December 9, 2020__

10

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of November, 2020, a true and correct copy of the foregoing was served electronically with the Clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

      /s/ *Drake W. Staples*
*Counsel for Defendant, The City of Monticello, Kentucky, Defendant, Community Telecom Services, and Defendant, The City Council of The City of Monticello*